W. J. MILLER, Appellant, v. HARRY WAGNER, Appellee.

**Action for money paid:** ISSUES: EVIDENCE. In an action for money
1   alleged to have been expended for defendant's benefit, to which defendant pleaded that the expenditure was in connection with a joint venture for the benefit of both, evidence that defendant was ready and willing to account for and to pay plaintiff his share of the profits, was relevant and unobjectionable as raising an equitable issue.

**Same:** ADMISSION OF INCOMPETENT EVIDENCE: PREJUDICE. The ad-
2   mission of incompetent and immaterial evidence is not ground for new trial, where the same was in strict accord with appellant's own evidence and could not have tended to prejudice the jury, or to divert their minds from the issues in the case.

**Same:** BURDEN OF PROOF: INSTRUCTION. A party cannot complain
3   of an instruction which conforms to his pleading and proof. Thus where plaintiff alleged and his evidence tended to show that he purchased certain property for the benefit of defendant, at his request, and that he agreed to repay the plaintiff for the same, plaintiff could not complain of an instruction that the burden was on him to prove such facts.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, Judge.

SATURDAY, JUNE 7, 1913.

ACTION at law to recover for money alleged to have been paid for the benefit of the defendant and at his request. The allegations of the petition were all denied in the answer. There

was a verdict and judgment for the defendant, and the plaintiff appeals.—*Affirmed.*

*A. B. Schuetz, Bowen & Alberson* and *Clark & Hutchinson,* for appellant.

*Mulvaney & Mulvaney,* for appellee.

EVANS, J.—The transaction involved herein occurred in 1910. The parties are related. The defendant was at that time making his home with the plaintiff. He was the owner of a thresher outfit, including a traction engine. It is the contention of the plaintiff that the defendant was desirous of acquiring a gang plow consisting of "eight bottoms" for the purpose of use with his traction engine, and that the plaintiff at his request executed a·written order for such plow to the Avery Company and paid for the same, and that the defendant received the same and has used the same ever since. The total consideration paid was $538. The defendant's version of the affair is that plaintiff and defendant entered orally into a joint undertaking whereby the defendant should furnish his traction engine and the plaintiff should furnish a suitable plow to be drawn therewith, and with such combined outfit they should plow for hire; the defendant to operate the outfit, and the profits to be divided between the parties. There is no dispute but that the plaintiff did order such a plow and did pay therefor the sum stated, and that the defendant did operate the same with his traction engine. The sole dispute arises over the terms of the antecedent agreement between them. The question at issue was clearly for the jury, and the appellant does not claim otherwise. The appellant urges three specific assignments of error, and we shall consider them in the order presented.

I. The defendant as a witness testified to his version of the agreement. Over the objection of the plaintiff, he was

permitted also to testify that he was ready and willing to make

1. ACTION FOR MONEY PAID: issues: evidence.

an accounting for all work done and to pay to the plaintiff his share of the profits. The specific objection urged was that such testimony raised an equitable issue which could not be tried in this case. We do not think it raised any issue at all. The evidence was perhaps immaterial and unnecessary, and yet it was germane to the controversy in the sense that a refusal to account would be inconsistent with defendant's version of the contract. It was somewhat in the nature of cross-examination, it is true. We think its admission was within the appropriate limits of the discretion of the trial court. It is clear to us, also, that it involved no possible prejudice to the plaintiff.

II. The appellant complains of the admission of a certain letter known in the record as "Exhibit

2. SAME: admission of incompetent evidence: prejudice.

I." This was a letter written by the Avery Company to the defendant, which was as follows:

Avery Company. Des Moines, Iowa, January 4, 1911. Mr. Harry Wagner, Ankeny, Iowa—Dear Sir: When you were in our office yesterday we intended to speak to you concerning the matter of freight upon the plow shipped for Mr. Miller last season, which item we had up with you several days ago, when you made partial settlement of your account. You advised us at that time to take this freight matter up with Mr. Miller. We did so, and he came into our office some few days ago, stating that this was to be paid by you. Now we do not know anything about the arrangements between you and Mr. Miller. *Of course Mr. Miller purchased the plow.* We paid the freight for him, and naturally we would look to him for payment to us, but he asserts positively that he has made an arrangement with you whereby you are to pay the freight. So before taking the matter up with him again we thought we would at least ask you in regard to it. As above stated we do not care to mix in affairs between you and Mr. Miller, but you can see that we are holding the sack for this freight, and we must get it disposed of promptly.

So we will appreciate any further advice from you, which you can give. If the arrangement was that you were to pay for it, we of course will be glad to have your remittance for $18.24. Yours very truly, Avery Company, by H. E. Shaw.

This letter was introduced over appropriate objection by the appellant. It was clearly incompetent and immaterial and the objection thereto should have been sustained. A careful examination of the letter, however, satisfies us that it was wholly nonprejudicial. The only portion of the letter which appellant claims to have been prejudicial is the sentence above italicized. It will be noted that the writer of the letter disclaims knowledge ''about the arrangement between you and Mr. Miller.'' It only purports to state what occurred between the company and Mr. Miller. This is in strict accord with the plaintiff's own testimony. He himself testified that he signed a written order for the plow and that he afterwards paid for it with his own check drawn to the order of the manager of the company. As between him and the company, this was a purchase. The statement contained in the letter goes no further than this. It does not purport to speak concerning the agreement between plaintiff and defendant which was the real question in issue. The contents of the letter are commonplace. Nothing appears therein which was calculated to prejudice the jury or to divert their minds from the issue. The error of its admission, therefore, would not justify the granting of a new trial.

III. The third complaint is directed against the instruction of the trial court. This instruction charged that the burden was upon the plaintiff to prove that he purchased the plow for the defendant and at his request and that the defendant agreed to repay him therefor. The complaint is that the instruction laid an undue burden upon the plaintiff, in that he was not required to prove an express agreement to repay the money if he proved that the money was paid for the defendant's benefit and at his request. As an abstract

3. SAME: burden of proof: instruction.

proposition the contention is sound. But the point is not available to the appellant upon this record. Under the evidence on behalf of the plaintiff, the testimony which tended to show that the money was paid for defendant's benefit and at his request was that he agreed to repay the same. The express agreement to repay was pleaded and testified to, and the instruction of the court only conformed to the plaintiff's pleading and to his evidence. To put it in another way, if the jury failed to credit the evidence of an express agreement to repay, there was nothing left in the evidence upon which a finding could be made that the money was paid at defendant's request. As applied to the evidence, therefore, the instruction was appropriate.

We find no prejudicial error in the record, and the judgment below must therefore be *Affirmed.*